**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PIPE FITTERS' RETIREMENT FUND, LOCAL 597; PIPE FITTERS' WELFARE FUND, LOCAL 597; PIPE FITTERS' TRAINING FUND, LOCAL 597; CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.; PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN; and PIPE FITTING COUNCIL OF GREATER CHICAGO, ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>NO.:   16-cv-9121<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |
| Plaintiffs, )<br> )<br>vs. )<br> )<br>WANTUCK HEATING & AIR CONDITIONING, ) INC., an Illinois Corporation, and )<br>WANTUCK COMFORT SOLUTIONS, INC., )<br>An Illinois Corporation, )<br> )<br>Defendants. ) | |

## COMPLAINT

Now come Plaintiffs, the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON & KROL LLC, and complain of the Defendants WANTUCK HEATING & AIR CONDITIONING, INC. ("WANTUCK HEATING & AIR") and WANTUCK COMFORT SOLUTIONS, INC. ("WANTUCK COMFORT") as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §§ 1132 and 1145.  The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS'

RETIREMENT FUND, LOCAL 597; the PIPE FITTERS' WELFARE FUND, LOCAL 597; the PIPE FITTERS' INDIVIDUAL ACCOUNT AND 401(K) PLAN; and the PIPE FITTERS' TRAINING FUND, LOCAL 597 (collectively "TRUST FUNDS"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3.     The TRUST FUNDS receive contributions from numerous employers pursuant to the Area Agreement between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A., ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4.     The CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is an industry improvement fund administered in Burr Ridge, Illinois.

5.     The PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is a labor management cooperation committee that is administered in Chicago, Illinois.

6.     The UNION is the bargaining representative of Defendant WANTUCK HEATING & AIR's bargaining unit employees.

7.     The Defendant WANTUCK HEATING & AIR is an Illinois Corporation with its principal place of business located in Chicago, Illinois.

8.     The Defendant WANTUCK COMFORT is an Illinois Corporation with its principal place of business located in Summit, Illinois.

## COUNT I
## BREACH OF AREA AGREEMENT AND TRUST AGREEMENTS – WANTUCK HEATING & AIR

9.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10.     WANTUCK HEATING & AIR is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of the Area Agreement negotiated between the UNION and the Mechanical Contractors Association on March 15, 2004. (A copy of the Area Agreement is attached as Exhibit 1); (A copy of the Subscription Agreement is attached as Exhibit 2).

11.     Though the Subscription Agreement, WANTUCK HEATING & AIR agreed to be bound by the provisions of the Area Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (Exhibits 1 and 2).

12.     Through the Area Agreement and the Subscription Agreement, WANTUCK HEATING & AIR became bound by the provisions of the Agreements and Declarations of Trust which created and administer the TRUST FUNDS (hereinafter referred to as the "Trust Agreements"). (A copy of the Trust Agreement for the Pipe Fitters' Retirement Fund, Local 597 is attached as attached as Exhibit 3).

13.     Pursuant to the provisions of the Area Agreement and the Trust Agreements, WANTUCK HEATING & AIR is required to make monthly reports of hours worked by its employees working within the Trade and Territorial Jurisdictions of the UNION and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Area Agreement at the negotiated rate. The monthly reports and

contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.  (Exhibit 1).

14.     Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Area Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

15.     Pursuant to the provisions of the Area Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND and the PFCGC on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

16.     Pursuant to the Area Agreement, WANTUCK COMFORT is required to deduct UNION dues from its employee's paychecks and remit payment of those dues to the UNION.

17.     Pursuant to the provisions of the Trust Agreements, the Defendant WANTUCK HEATING & AIR is required to:

> "…furnish such information and reports as may be necessary to the proper performance of their duties.  In addition, the Trustees shall have the right - - at reasonable times during business hours and upon advance notice - - to have a certified public accounting firm enter upon the premises of any employer and to examine and copy such books, records, papers, and reports of the employer as may be necessary in determining the number and names of employees for whom contributions should be made to the Retirement Fund; the number of hours worked by any/all employees for whom contributions should be made; and any other information necessary to the Trustees in performing their duties in accordance with the provisions of this

agreement." (Exhibit 3).

18.     Defendant WANTUCK HEATING & AIR is obligated to pay the contributions on behalf of WANTUCK COMFORT's employees because WANTUCK COMFORT is the alter-ego and successor of WANTUCK HEATING & AIR and the non-union arm of WANTUCK HEATING & AIR's double-breasted operations.

19.     A payroll compliance audit of both WANTUCK HEATING & AIR and WANTUCK COMFORT is necessary to determine the exact amount of damages owed by defendant WANTUCK HEATING & AIR for its breach of the Area Agreement and the Trust Agreements.

20.     Plaintiffs have complied with all conditions precedent in bringing this suit.

21.     Defendant WANTUCK HEATING & AIR is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Area Agreements, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).


**WHEREFORE,** Plaintiffs respectfully request the following relief:

A.      That Judgment be entered against Defendant WANTUCK HEATING & AIR for all contributions attributable to work performed within the Trade and Territorial Jurisdictions of the UNION by WANTUCK HEATING & AIR and WANTUCK COMFORT's employees, plus the resulting liquidated damages and interest;

B.      That Judgment be entered in favor of Plaintiffs and against Defendant WANTUCK HEATING & AIR for any other contributions, liquidated damages, interest, auditor's fees or attorney's fees that are found to be due and owing in addition to the amounts referenced in paragraph A above;

C.      That Defendant WANTUCK HEATING & AIR be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D);

D.      That this Court enter an Order requiring the Defendant WANTUCK HEATING & AIR to comply with all terms of the Area Agreement, including but not limited to the submission of all ongoing contribution reports and payments in a timely manner; and

E.      That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant WANTUCK HEATING & AIR's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

<u>**COUNT II**</u>
<u>**ALTER-EGO LIABILITY - WANTUCK COMFORT**</u>

22.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-21 of this Complaint with the same force and effect as if fully set forth herein.

23.     William Wantuck Jr. is the President of WANTUCK HEATING & AIR.

24.     William Wantuck Jr. is also the President and Secretary of WANTUCK COMFORT.

25.     Mark S. Klesman is the Registered Agent of WANTUCK HEATING & AIR.

26.     Mark S. Klesman is also the Registered Agent of WANTUCK COMFORT.

27.     WANTUCK HEATING & AIR and WANTUCK COMFORT conduct the same work within the Chicagoland area: HVAC service.

28.     WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared some or all of the same management.

29. Upon information and belief, WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared some or all of the same administrative and accounting staff.

30. WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared some or all of the same tools and equipment.

31. WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared some or all of the same vehicles.

32. Both WANTUCK HEATING & AIR and WANTUCK COMFORT use or have used the same web address for their business: www.wantuck.net.

33. Both WANTUCK HEATING & AIR and WANTUCK COMFORT advertise their services using the same slogan: "If you're out of luck, call Wantuck!"

34. WANTUCK HEATING & AIR and WANTUCK COMFORT have commingled assets with each other.

35. WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared an interrelation of operations.

36. WANTUCK HEATING & AIR and WANTUCK COMFORT are in fact, one in the same company.

37. Recognition of WANTUCK COMFORT's separate corporate existence would sanction a fraud or promote injustice in that WANTUCK HEATING & AIR would be permitted to escape its contractual and financial obligations to the Plaintiffs while operating as WANTUCK COMFORT.

38. WANTUCK COMFORT is the alter-ego of WANTUCK HEATING & AIR and is directly liable to the Plaintiffs for the contractual and financial obligations of WANTUCK

HEATING & AIR, including WANTUCK COMFORT's obligations to contribute to the TRUST FUNDS on behalf of its employees performing bargaining-unit work within the Trade and Territorial Jurisdictions of the UNOIN.

39. WANTUCK COMFORT is the non-union shop of a double-breasted operation and WANTUCK HEATING & AIR is the union shop of the Defendants' combined operations.

40. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from WANTUCK HEATING & AIR and WANTUCK COMFORT.

41. Plaintiffs have complied with all conditions precedent in bringing this suit.

42. WANTUCK HEATING & AIR and WANTUCK COMFORT are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE,** Plaintiffs respectfully request the following relief:

A. That this Court enter an Order in favor of Plaintiffs deeming WANTUCK COMFORT to be the alter ego of WANTUCK HEATING & AIR;

B. That this Court enter an Order holding that WANTUCK COMFORT is bound to the terms of the Area Agreement;

C. That an Order be entered requiring Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT to comply with a payroll audit and produce any and all payroll documents and other corporate records necessary to complete the audit;

D. That a Judgment be entered in favor of the Plaintiffs and against Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT, jointly and

severally, for all contributions, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

E.   That Defendants WNATUCK HEATING & AIR and WANTUCK COMFORT, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Area Agreement, Participation Agreements, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

F.   That this Court retain jurisdiction of this case pending compliance with its order; and

G.   That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT, jointly and severally, pursuant to 29 U.S.C. §1132(g)(2)(E).


## COUNT III
## SINGLE EMPLOYER LIABILITY - WANTUCK COMFORT

43.   Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-42 of this Complaint with the same force and effect as if fully set forth herein.

44.   William Wantuck Jr. is the President of WANTUCK HEATING & AIR.

45.   William Wantuck Jr. is also the President and Secretary of WANTUCK COMFORT.

46.   Mark S. Klesman is the Registered Agent of WANTUCK HEATING & AIR.

47.   Mark S. Klesman is also the Registered Agent of WANTUCK COMFORT.

48.   WANTUCK HEATING & AIR and WANTUCK COMFORT conduct the same work within the Chicagoland area: HVAC service.

49.    WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared some or all of the same management.

50.    Upon information and belief, WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared some or all of the same administrative and accounting staff.

51.    WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared some or all of the same tools and equipment.

52.    WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared some or all of the same vehicles.

53.    Both WANTUCK HEATING & AIR and WANTUCK COMFORT use or have used the same web address for their business: www.wantuck.net.

54.    Both WANTUCK HEATING & AIR and WANTUCK COMFORT advertise their services using the same slogan: "If you're out of luck, call Wantuck!"

55.    WANTUCK HEATING & AIR and WANTUCK COMFORT have commingled assets with each other.

56.    WANTUCK HEATING & AIR and WANTUCK COMFORT share or have shared an interrelation of operations.

57.    WANTUCK HEATING & AIR and WANTUCK COMFORT are in fact, one in the same company.

58.    WANTUCK COMFORT is the non-union shop of a double-breasted operation and WANTUCK HEATING & AIR is the union shop of the Defendants' combined operations.

59.    WANTUCK COMFORT and WANTUCK HEATING & AIR is a "single employer" for the purposes of determining employees' fringe benefit contributions in that they share an

interrelation of operations, common management, centralized control over labor relations and common ownership.

60. As a single employer with WANTUCK HEATING & AIR, WANTUCK COMFORT is bound by the terms of the Area Agreement, Participation Agreements, and Trust Agreements.

61. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from WANTUCK HEATING & AIR and WANTUCK COMFORT.

62. Plaintiffs have complied with all conditions precedent in bringing this suit.

63. WANTUCK HEATING & AIR and WANTUCK COMFORT are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Court enter an Order in favor of Plaintiffs deeming WANTUCK HEATING & AIR and WANTUCK COMFORT a single employer;

B. That this Court enter an Order holding that WANTUCK COMFORT is bound to the terms of the Area Agreement;

C. That this Court enter an Order requiring Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT to comply with a payroll audit and produce any and all payroll documents and other corporate records necessary to complete the audit;

D. That a Judgment be entered in favor of the Plaintiffs and against Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT, jointly and

severally, for all contributions, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

E.    That Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

F.    That this Court retain jurisdiction of this case pending compliance with its order; and

G.    That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT, jointly and severally, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT IV
## SUCCESSOR LIABILITY - WANTUCK COMFORT

64.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-63 of this Complaint with the same force and effect as if fully set forth herein.

65.    William Wantuck Jr. is the President of WANTUCK HEATING & AIR.

66.    William Wantuck Jr. is also the President and Secretary of WANTUCK COMFORT.

67.    Mark S. Klesman is the Registered Agent of WANTUCK HEATING & AIR.

68.    Mark S. Klesman is also the Registered Agent of WANTUCK COMFORT.

69.    WANTUCK HEATING & AIR and WANTUCK COMFORT are both HVAC contractors holding themselves out as union contractors in the Chicagoland area.

70. WANTUCK COMFORT was incorporated on March 27, 2013 and performs HVAC service work with the Chicagoland area.

71. Upon information and belief, WANTUCK HEATING & AIR ceased performing covered work within the Trade and Territorial Jurisdictions of the UNION in approximately January 2016.

72. Upon information and belief, WANTUCK COMFORT is managed by President William Wantuck Jr., who also managed or manages WANTUCK HEATING & AIR.

73. Mark S. Klesman is the Registered Agent of WANTUCK HEATING & AIR, who was or is also the Registered Agent of WANTUCK COMFORT.

74. Upon information and belief, WANTUCK COMFORT continued to employ some or all of the employees that were previously employed by WANTUCK HEATING & AIR, including but not limited to bargaining-unit employees, administrative staff, accounting staff, supervisory staff and management.

75. Upon information and belief, WANTUCK COMFORT services some of WANTUCK HEATING & AIR's former customers.

76. WANTUCK COMFORT continues to use the same tools and equipment that were used by WANTUCK HEATING & AIR prior to its cessation.

77. WANTUCK COMFORT continues to use some of the same vehicles and vans that were used by WANTUCK HEATING & AIR prior to its cessation.

78. Prior to its cessation of business, WANTUCK HEATING & AIR used the web address: www.wantuck.net. Now, WANTUCK COMFORT continues to use the same web address to advertise its business.

79. Prior to its cessation of business, WANTUCK HEATING & AIR used the slogan: "If you're out of luck, call Wantuck!" Now, WANTUCK COMFORT continues to use the same slogan to advertise its services.

80. WANTUCK COMFORT continued the operations of WANTUCK HEATING & AIR seamlessly.

81. WANTUCK COMFORT is the disguised continuance of WANTUCK HEATING & AIR.

82. WANTUCK COMFORT was aware of WANTUCK HEATING & AIR's union affiliation, including its obligation to contribute to the TRUST FUNDS on behalf of its bargaining-unit employees.

83. WANTUCK COMFORT is the successor entity of WANTUCK HEATING & AIR and is obligated to pay contributions pursuant to the terms of the Area Agreement.

84. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from WANTUCK HEATING & AIR and WANTUCK COMFORT.

85. Plaintiffs have complied with all conditions precedent in bringing this suit.

86. WANTUCK HEATING & AIR and WANTUCK COMFORT are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE,** Plaintiffs respectfully request that:

    A.    That this Court enter an Order in favor of Plaintiffs deeming that WANTUCK COMFORT is the successor of WANTUCK HEATING & AIR;

    B.    That this Court enter an Order holding that WANTUCK COMFORT is bound to the terms of the Area Agreement;

C.   That this Court enter an Order requiring Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT to comply with a payroll audit and produce any and all payroll documents and other corporate records necessary to complete the audit;

D.   That a Judgment be entered in favor of the Plaintiffs and against Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT, jointly and severally, for all contributions, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

E.   That Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Area Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D);

F.   That this Court retain jurisdiction of this case pending compliance with its order; and

G.   That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Defendants WANTUCK HEATING & AIR and WANTUCK COMFORT, jointly and severally, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**PIPE FITTERS' RETIREMENT FUND, LOCAL 597** *et al.*

/s/ Nicollette L. Khuans – 6320914
One of the Plaintiffs' Attorneys

**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, IL 60606
khuans@johnsonkrol.com
(312) 757-5472

September 21, 2016